IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JARREL MAPP, Plaintiff, | ) | |
| v. | ) | 1:25-CV-144 |
| DISCOVER BANK, Defendant. | ) | |

**ORDER AND JUDGMENT**

The plaintiff, Jarrel Mapp, sued Discover Bank asserting violations of federal securities laws, conversion, breach of fiduciary duty, and other state law claims. Doc. 2. Within a few days, he moved for summary judgment. Soon thereafter, the defendant moved to confirm an arbitration award and to dismiss the complaint. The plaintiff then filed a motion for sanctions.

All the plaintiff's arguments are based on the delusional idea that he is entitled to the defendant's accounts receivable because the defendant issued him a credit card and on an incomprehensible argument that he has "security interests" and "securitization rights" as a result of receiving a credit card. As fully explained by the arbitrator, Doc. 10-3, these arguments and the claims based upon it are frivolous. His motions will be denied and the defendant's motion to confirm the arbitration award will be granted.

## I. The Defendant's Motion to Confirm the Arbitration Award

The motion to confirm the arbitration award will be granted. The Court has subject matter jurisdiction, as the parties are diverse. The defendant has offered

uncontroverted evidence that the plaintiff initiated an arbitration proceeding pursuant to the cardmember agreement with the defendant, that he asserted the same claims in that arbitration as he asserts in this litigation, and that the arbitration was resolved in favor of the defendant and the plaintiff's claims were dismissed. *See* Docs. 10-1; 10-2; 10-3. The defendant has moved to confirm the award within a year, Doc. 10-3 (showing arbitration decision entered in January 2025), and it has provided notice to the plaintiff. *See* 9 U.S.C. § 9 (governing motions to confirm arbitration awards).

The plaintiff contends that the arbitrator was mistaken about the law, Doc. 16 at 3, and made his award without any depositions, admissions, or affidavits. Doc. 16 at 11. But that is not the test; in reviewing an arbitration award, "a district or appellate court is limited to determining whether the arbitrators did the job they were told to do -- not whether they did it well, or correctly, or reasonably, but simply whether they did it." *Williamson Farm v. Diversified Crop Ins. Servs.*, 917 F.3d 247, 253 (4th Cir. 2019) (cleaned up).

There is a strong presumption in favor of confirming arbitration awards under the FAA, and any party seeking to overturn an arbitration award "must clear a high hurdle." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010); *accord, e.g.*, *Marine Club Manager, Inc. v. RB Com. Mortg., LLC*, No. 22-CV-609, 2023 WL 4919690, at *5-6 (W.D.N.C. Aug. 1, 2023) (collecting cases); *Three S Del., Inc. v. DataQuick Info. Sys., Inc.*, 492 F.3d 520, 527 (4th Cir. 2007). Absent one of the statutory bases for vacating an award, 9 U.S.C. § 10, an arbitration award "is enforceable even if the award resulted from a misinterpretation of law, faulty legal reasoning or erroneous legal

conclusions." *Marine Club*, 2023 WL 4919690, at *5 (quoting *Williamson Farm v. Diversified Crop Ins. Servs.*, 917 F.3d 247, 253 (4th Cir. 2019)). The plaintiff's opinion that the arbitrator did not have a sufficient factual basis for his award or that he was wrong about the law is insufficient to preclude confirmation.

In a motion directed to a different topic, the plaintiff contends that the arbitrator's award is the result of fraud. Doc. 17 at 3. Fraud can be an appropriate basis to deny confirmation of the award, 9 U.S.C. § 10, but mere invocation of the word does not suffice. The plaintiff offers no evidence of fraud, relying only on his misguided opinions. And, as noted *supra* p. 1, his arguments about "securitization" are frivolous.

The plaintiff has not met the high burden required to preclude confirmation of the arbitrator's award. The motion to confirm the award will be granted and the plaintiff's claims will be dismissed with prejudice, as ordered by the arbitrator. *See* Doc. 10-3.

## II. The Plaintiff's Motion for Summary Judgment

The plaintiff's motion for summary judgment will be denied. Among other problems, the motion, like the complaint, is nonsensical to the point that it is frivolous, and the plaintiff's evidence, Docs. 6-1 to 6-4, is insufficient to establish the defendant's liability on any of the asserted causes of action.

## III. The Plaintiff's Motion for Sanctions

The plaintiff seeks Rule 11 sanctions against the defendant's attorneys, contending that they misstated the law and the facts to the arbitrator and that counsel intends to defraud this Court as well. Doc. 17. First, the plaintiff's contentions are not supported

by any evidence. Second, the defendant's arbitration brief which Mr. Mapp cites, Doc. 18, does not misstate the law. The motion for sanctions is frivolous and will be denied.

Upon initial review of this and other motions, the Court held in abeyance the deadline for the defendant to respond to the motion for sanctions. Text Order 4/23/25. The plaintiff objected and moved for reconsideration. Doc. 21. Because the motion for sanctions is frivolous and the rambling motion for reconsideration does not raise any issue that would make a response to the sanctions motion helpful to the Court, the motion to reconsider will be denied.

## IV. Warning

Mr. Mapp is warned that if he continues to file paper writings with no basis in fact or law, he is subject to sanctions. Lawsuits like this one waste the court's time and resources and are an abuse of the judicial process. If the plaintiff continues to make patently ludicrous assertions in court filings, the Court has inherent authority to impose sanctions. These may include a fine or a pre-filing injunction that restricts his access to the federal courts. *See* 28 U.S.C. § 1651(a); *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817–18 (4th Cir. 2004); *Pippen v. Slaughter*, No. 19-CV-891, 2020 WL 2086136, at *5 (M.D.N.C. Apr. 30, 2020).

It is **ORDERED AND ADJUDGED** that:

1. The plaintiff's motion for summary judgment, Doc. 6, is **DENIED**.
2. The defendant's motion to confirm arbitration award and dismiss complaint, Doc. 9, is **GRANTED** and the plaintiff's claims are **DISMISSED WITH PREJUDICE.**

3. The defendant's motion to dismiss, Doc. 22, is **DENIED** as moot.

4. The plaintiff's motion for sanctions, Doc. 17, is **DENIED**.

5. The motion for reconsideration, Doc. 21, is **DENIED**.

6. The plaintiff, Jarrel Mapp, is **WARNED** that further frivolous pleadings, briefs, or lawsuits subject him to sanctions, including a pre-filing injunction.

This the 29th day of April, 2025.

UNITED STATES DISTRICT JUDGE