United States District Court
for the
Middle District of North Carolina

Case No. 1:25-CV-00144-CCE-JEP

FILED
IN THIS OFFICE
APR 29 2025
Clerk U.S. District Court
Greensboro, NC
BY

| | |
|---|---|
| JARREL MAPP | ) |
| vs. | ) |
| DISCOVER BANK | ) |

**Plaintiff's Brief In Support To Void Arbitration Award**
**And**
**Response To Defendant's Motion To Dismiss Amended Complaint**

Jarrel Mapp
3407 Terry Lane
Greensboro NC 27405
(904)586-6343
mappjarrelemmett@gmail.com

Plaintiff, Pro se

Kristen P. Watson (NC Bar No. 51410)
Ryli W. Leader (NC Bar No. 61205)
BURR & FORMAN LLP
420 N. 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
kwatson@burr.com

101 S. Tryon Street, Suite 2610
Charlotte, North Carolina 28280
Telephone: (704) 347-1170
Facsimile: (704) 347-4467
rleader@burr.com

Counsel for Defendant - DISCOVER BANK

# Table Of Contents


Page

1. FRAUD IN THE FACTUM . . . . . . . 3

I. Alleged Legally Mandated Disclosure Violations . . . . . 3

a) Truth in Lending, Section 127 . . . . . . 3

b) Truth in Lending, Section 128 . . . . . . 4

A. Bills Of Exchange As Legal Tender . . . . . 4

II. Alleged Violations Under Securities Act of 1933 . . . . . 5

III. Statement Against Public Policy . . . . . . 7

IV. Alleged Violations Under Securities Exchange Act of 1934 . . 7

2. EXCLUSIVE JURISDICTION OF UNITED STATES COURT . . . 7

3. LEGAL QUESTIONS . . . . . . . . 8

4. CITATIONS . . . . . . . . . 9

a) Void Contract . . . . . . . . . 9

b) Void Arbitration Agreement . . . . . . . 9

c) Unconscionable Contract . . . . . . . 10

d) Unlawful Contract . . . . . . . . 10

e) Exclusive Jurisdiction . . . . . . . 11

5.CONCLUSION . . . . . . . . . 11

6. CERTIFICATE OF SERVICE . . . . 11

Plaintiff now presents this brief to the court, not just seeking to vacate the Arbitration Award, Plaintiff is seeking to VOID the Arbitration Award because: the contract is void due to lack of consideration given by the Defendant, therefore the arbitration agreement is void; the arbitrator lack jurisdiction. In support Plaintiff states:

## 1. <u>FRAUD IN THE FACTUM</u>
(Negligent Disclosure)

### I. <u>Alleged Legally Mandated Disclosure Violations</u>

(a) Pursuant to Truth in Lending Act, 82 STAT PUBLIC LAW 90-321-MAY 29, 1968 "Sec. 127 *Open end consumer credit plans (a) Before opening any account under an open end consumer credit plan, the creditor shall disclose to the person to whom credit is to be extended... (7) The conditions under which the creditor may retain or acquire any security interest in any property to secure the payment of any credit extended under the plan, and a description of the interest or interests which may be so retained or acquired."*

Defendant chooses to conceal:

i) The enactment of the National Banking Act of 1863 (herein "Banking Act"), established that the national currency is secured by United States bonds. Sec 21 of the Banking Act, "That all transfers of United States bonds which shall be made by any association as security for circulating notes under the provisions of this act…", " …is held in trust for the association on whose behalf such transfer is made, and as security for the redemption and payment of the circulating notes delivered…". Together with the 1933 Federal Reserve Act, Sec. 14(a) grants the power to Defendant to give loans through the hypothecation of United States bonds.

Plaintiff is included under the term "association" and "bank", per Presidential Proclamation 2039 of March 6, 1933.

ii) The very 1st deposit Plaintiff made to Defendant is the application submitted online. The application is a "deposit" under the Federal Deposit Insurance Act (herein "FDIA"). Plaintiff's deposits are insured under the FDIA.

(b) Pursuant to Truth in Lending Act, 82 STAT PUBLIC LAW 90-321-MAY 29, 1968, "Sec. 128. *Sales not under open end credit plans (10) A description of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit, and a clear identification of the property to which the security interest relates."*

i) This legally required disclosure includes the "credit card receivable" (herein "receivables), that Plaintiff uncovered in the "Analysis"Doc. 5, in which Defendant declares to sell and retains interest.

A. Bills Of Exchange As Legal Tender

Joint Resolution 10, June 5, 6, 1933- "(a)... *Every obligation, heretofore or hereafter incurred, whether or not any such provision is contained therein or made with respect thereto, shall be discharged upon payment, dollar for dollar, in any coin or currency which at the time of payment is legal tender for public and private debts." "Sec. 2... "All coins and currencies of the United States (including Federal Reserve notes and circulating notes of Federal Reserve banks and national banking associations) heretofore or hereafter coined or issued, shall be legal tender for all debts, public and private, public charges, taxes, duties, and dues..."*

Internal Revenue Campus Support Manuel Deposit Process (3.8.45.5.10.1 (11-04-2011)) Bill of Exchange, explains the procedure for acceptances of bills of exchange for settling accounts.

Bills of exchange are derived from consumer transactions, per the Federal Reserve Act, Sec. 13 Par. 2; 14(c) and (e) , which Defendant calls "receivables" in Doc. 5,

ii) Defendant/Respondent had a legal duty to disclose the "receivables", but made a choice file "Respondent's Opposition To Claimant's Request For Extension" Doc. 18, to conceal the related security interest.

iii) Plaintiff uncovered the collateral certificate, which is composed of receivables derived from Plaintiff's receivables, in the Analysis Doc. 5. Pg. 31 of 43, Par. 1- One of the securities derived from the receivables is "Class A(2023-2) security was assigned CUSIP number: 254683CZ6, which is a 9-character alphanumeric code identifying any North American security for the purpose of facilitating clearing and settlement of trades.".

Doc. 5, Pg. 31 of 43, Par. 7- "Cardmember(s) Receivables has been converted into a stock as a permanent fixture". Banking Act, Sec.12- "the shares of associations under this act shall be deemed personal property…" . Under Sec. 12, Plaintiff is a shareholder.

*Truth in Lending Act, Sec. 112 imposes Criminal liability for willful and knowing violations.*

**II. <u>Alleged Violations Under Securities Act of 1933</u>**

*"Sec. 17 (b) It shall be* ***unlawful*** *for any person, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, to publish, give publicity to, or circulate any notice, circular, advertisement, newspaper, article, letter, investment service, or communication which, though not purporting to offer a security for sale, describes such security for a consideration received or to be received,*

*directly or indirectly, from an issuer, underwriter, or dealer, without fully disclosing the receipt, whether past or prospective, of such consideration and the amount thereof"*

i) In the Cardmember Agreement Doc. 23-1 (hereafter Agreement), which is a communication in interstate commerce, that Defendant also publishes on its website. Defendant does not fully disclose the receipt or valve of the receivables given from the Plaintiff.

ii) Under 1933 Securities Act, not the definition, but the term "sale" applies to the issue or transfer of such <u>other security</u> upon the <u>subscription</u> shall be deemed a sale of such other security. The credit card receivables are the <u>other securities</u>. Black's Law Dictionary, 2nd Edition, defines <u>subscription</u> as "A written contract by which one engages to contribute a sum of money for a designated purpose, either gratuitously, as in the case of subscribing to a charity, or in consideration for an equivalent to be rendered…". The Agreement Doc. 23-1 is a <u>subscription</u>.

iii) Doc. 23-1, Pg. 4 of 5 "Assignment of Account -We may sell, assign or transfer your Account or any portion of it without notice to you…". Delaware UCC holds "account" to mean "arising out of the use of a credit or charge card or information contained on or for use with the card,".

iv) Defendant gave no disclosure that, by way of Plaintiff's consumer transactions, Defendant would convert them into securities, which would effectively make Plaintiff a "shareholder", under the Banking Act Sec. 12.

Summation of Disclosure Allegation II): under Securities Act of 1933, the actual presentation of the "Agreement" Doc. 21-3 is unlawful being that though not purporting to offer a security for

sale, describes such security for a consideration received or to be received, without full disclosure of the value of the securities derived from it.

**III. <u>Statement Against Public Policy</u>**

Joint Resolution 10, June 5, 6, 1933- "*That (a) every provision contained in or made with respect to any obligation which purports to give the obligee a right to require payment in gold or a particular kind of coin or currency, or in an amount in money of the United States measured thereby, is declared to be against public policy;*"

Doc. 23-1, Pg. 2 of 5: Payment Instructions "You must pay in U.S. dollars" and "We may refuse to accept a payment in a foreign currency."

**IV. <u>Alleged Violations Under Securities Exchange Act of 1934</u>-**

> "REGULATION OF THE USE OF MANIPULATIVE AND DECEPTIVE DEVICES
>
> Sec . 10. *It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce…(b) To use or employ, in connection with the purchase or sale of… any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device".*

The aforementioned allegations, (I, II and III), of violations under the Securities Act and the Truth In Lending Act are declared criminal and unlawful. The negligent disclosure of information, as well as statements against public policy, operate to manipulate and deceive Plaintiff , for the benefit of Defendant, in connection with purchase and sale of securities.

## 2. <u>EXCLUSIVE JURISDICTION OF UNITED STATES COURT</u>

(a)Securities Act: JURISDICTION OF OFFENSES AND SUITS, Sec. 22- "(a) The district courts of the United States, the United States courts of any Territory, and the Supreme

Court of the District of Columbia shall have jurisdiction of offenses and violations under this title…"

(b)Truth In Lending Act, Sec. 130- "(e) Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction…"

(c)Security Exchange Act "Sec . 27. The district courts of the United States, the Supreme Court of the District of Columbia, and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have **exclusive jurisdiction** of violations of this title"

## 3. LEGAL QUESTIONS

1) With the one-sided benefit of the Agreement favoring Defendant, would a reasonable man, having foreknowledge of all value given by him, with nothing in return, accept the terms of the Cardmember Agreement? Or would he deem it unconscionable?
2) Is an unconscionable contract legally binding?
3) Is a contract void that is that violates both the Securities Act and Security Exchange Act as unlawful?
4) Is a contract void when the willful concealment of information imposes criminal liability?
5) Is an arbitration award void, when the exclusive jurisdiction rests in the United States courts?
6) Is a contract legally valid that lacks the prerequisite legal consideration?

## 4. CITATIONS

a) Void Contract

Landcastle Acquisition Corp. v. Renasant Bank 57 F. 4th 1203 - Court of Appeals, 11th Circuit, 2023 - "… It is axiomatic that a "void" contract, as distinct from a "voidable" one, is "a legal nullity."

Paul v. PEPPERIDGE FARM, INCORPORATED Dist. Court, SD Texas, 2025 -"… Agreement is void based on "a complete failure of consideration. In the contract setting, an unjust enrichment claim arises "when plaintiff seeks to recover from defendant for a benefit conferred under an unconsummated or void contract." Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc., 171 F.3d 912, 936 (3d Cir. 1999). Even without an unconsummated or void contract, recovery can be available where a party was unjustly enriched outside the context of a valid contract. See AmeriPro Search, Inc. v. Fleming Steel Co., 787 A.2d 988, 991 (Pa. Super. Ct. 2001)

*Wu v. Uber Techs., Inc,* No. 33964/2020E, 2022 WL 17826816, at *13 n.6 (N.Y. Sup. Ct. Dec. 20, 2022) ("A void contract is no contract at all; it binds no one and is a mere nullity. A void contract requires no disaffirmance to avoid it."

b) Void Arbitration Agreement

Moreover, under New York law, the arbitration clause of a void and unenforceable contract is itself void and unenforceable. "[P]roceedings to enforce arbitration under [New York law] presuppose the existence of a valid and enforceable contract at the time the remedy is sought." In re Kramer & Uchitelle, Inc., 288 N.Y. 467,471, 43 N.E.2d 493, 495 (1942) (citations omitted). Where the contract is invalid and void, "[t]he arbitration clause therein falls with the contract and is unenforceable."

c) Unconscionable Contract

Black's Law Dictionary, 6th Edition defines "Unconscionable contract" as "A contract, or a clause in a contract, that is so grossly unfair to one of the parties because of stronger bargaining power of the other party; usually held to be void as against public policy. One

which no man in his senses, not under delusion, would make, on the one hand, and which no fair and honest man would accept, on the other."

"An unconscionable contract is one in which the provisions are so one-sided, in view of all the facts and circumstances, that the contracting party is denied any opportunity for meaningful choice." *Id.* Again, plaintiffs bear the burden of showing unconscionability. *See* Green Tree, 531 U.S. at 91, 121 S.Ct. 513.

"In general, an unconscionable contract has been defined as one which is so grossly unreasonable as to be unenforceable because of an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." *King v. Fox*, 7 N.Y.3d 181, 191, 818 N.Y.S.2d 833, 851 N.E.2d 1184 (2006).

d) Unlawful Contract

Central Transp. Co. v. Pullman's Palace Car Co. 139 US 24, 11 S. Ct. 478, 35 L. Ed. 55 - Supreme Court, 1891 - "… authorized by either. No performance on either side can give the unlawful contract any validity, or be the foundation of any right of action upon it.

e) Exclusive Jurisdiction

McCrea v. SANTOMASSIMODist. Court, D. South Carolina, 2024 - "… Section 27 of the Security Exchange Act of 1934 provides that federal courts" shall have exclusive jurisdiction" over "violations of [the act] or the rules and regulations thereunder,"

## 5.CONCLUSION

WHEREFORE Plaintiff requests the court to grant Plaintiff relief by voiding the Arbitrator's Award and granting Plaintiff any such relief the court deems just.

## 6. CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of April, 2025, I served a copy of the foregoing document on Defendant's attorney..

Respectfully certified,

By: ______________________

Jarrel Mapp

04/29/25